OPINION
{¶ 1} Juvenile-appellant Glendon Coblentz appeals from the November 3, 2004, Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, adjudicating him a sexual predator. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 23, 2002, five separate delinquency complaints were filed alleging that appellant had committed one count of rape in violation of R.C. 2907.02(A)(1), a felony of the first degree, and four counts of gross sexual imposition (GSI) in violation of R.C. 2907.05(A)(4), felonies of the third degree. Subsequently, on January 27, 2003, appellant pled true to the four counts of GSI. The charge of rape was dismissed upon the State's motion.
 {¶ 3} Thereafter, on April 8, 2003, the trial court committed appellant to the Department of Youth Services for a minimum of six (6) months and a maximum of until his twenty-first (21) birthday on each count. The trial court ordered that each count be served consecutively to each other.
 {¶ 4} Subsequently, on July 27, 2004, a sex offender classification hearing was held. At the hearing, Mike Davies, an investigative social worker with the Stark County Department of Jobs and Family Services, testified that he investigated a sexual abuse case involving appellant. According to Davies, the victims in such case were four sisters who were related to appellant. While the youngest victim was four years old at the time of Davies' investigation, the oldest was nine. Testimony was adduced that the sexual abuse included anal and vaginal rape. Davies testified that appellant had tried to bribe one of his victims with money. The abuse, which began when appellant was eleven years of age, continued until appellant was arrested at age fifteen.
 {¶ 5} At the hearing, the girls' mother testified that, as a result of the sexual abuse, the girls were in counseling for a year and a half, were afraid to trust men, were depressed and that the youngest two children would soil and wet their pants. The mother further testified that for a time she felt ostracized by the rest of her family as a result of the sexual abuse.
 {¶ 6} Avery Johnson, a social worker with the Department of Youth Services, testified at the hearing that appellant had been part of his case load since March of 2004. Johnson testified that appellant had successfully completed the sex offender program at Cuyahoga Hills DYS and was given one of the highest scores that you can obtain in such program and that appellant had completed a victim awareness program as well as other programs. Johnson further testified that appellant had no disciplinary infractions while at DYS and that appellant had received his GED. Gregory Clark, the chaplain at Cuyahoga Hills, testified that appellant helped him with hymn books and bibles and that he trusted appellant.
 {¶ 7} Timothy King, a licensed professional counselor with the State of Ohio, also testified at the hearing. King testified that he was a professional therapist and treated appellant from August of 2002 until his incarceration and had been to the institution twice to see appellant. According to King, during sex offender treatment, appellant "admitted to the GSI's that he was convicted of." Transcript at 30. King, when asked, testified that he did not believe that appellant was likely to reoffend and that appellant had demonstrated remorse for his actions.
 {¶ 8} The next witness to testify at the hearing was Sabina Alstari-Ward, a sex offender therapist, who testified that appellant had a high risk of reoffending. Alstari-Ward testified that she performed a sex offender risk assessment on appellant in February of 2002 and that appellant told her that he started offending when he was eleven years old and admitted bribing his victims to obtain sexual contact. Alstari-Ward further testified that appellant said that he repeatedly had sexually solicited his own sister when she was eight or nine years old. Alstari-Ward further testified that appellant did not appear to understand how he was harming his victims and also opined that appellant exhibited signs of pedophilia, but because of his age at the time of the offenses could not be diagnosed as a pedophile.
 {¶ 9} Pursuant to a Judgment Entry filed on November 3, 2004, the trial court classified appellant as a sexual predator. Appellant now raises the following assignment of error on appeal:
 {¶ 10} "I. THE TRIAL COURT'S DETERMINATION THAT APPELLANT SHOULD BE CLASSIFIED AS A SEXUAL PREDATOR WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SUCH FINDING WAS MADE WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE CLASSIFICATION."
 I {¶ 11} Appellant, in his sole assignment of error, argues that his classification as a sexual predator is against the manifest weight of the evidence and was made without a record of clear and convincing evidence to support the classification. We disagree.
 {¶ 12} R.C. 2950.01(G) defines a sexual predator as:
 {¶ 13} "(G) An offender or delinquent child is `adjudicated as being a sexual predator' or `adjudicated a sexual predator' if any of the following applies:
 {¶ 14} "(1) The offender is convicted of or pleads guilty to committing, on or after January 1, 1997, a sexually oriented offense that is a sexually violent offense and that is not a registration-exempt sexually oriented offense and also is convicted of or pleads guilty to a sexually violent predator specification that was included in the indictment, count in the indictment, or information that charged the sexually violent offense.
 {¶ 15} "(2) Regardless of when the sexually oriented offense was committed, on or after January 1, 1997, the offender is sentenced for a sexually oriented offense that is not a registration-exempt sexually oriented offense, and the sentencing judge determines pursuant to division (B) of section 2950.09 of the Revised Code that the offender is a sexual predator."
 {¶ 16} Section 2950.09(B)(3) states:
 {¶ 17} "(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 18} "(a) The offender's or delinquent child's age;
 {¶ 19} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 20} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 21} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 22} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 23} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 24} "(g) Any mental illness or mental disability of the offender;
 {¶ 25} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 26} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 27} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 28} We note, the State bears the burden of proving by clear and convincing evidence the likelihood of recidivism to support a sexual predator finding. State v. Eppinger, 91 Ohio St.3d 158, 2001-Ohio-247,743 N.E.2d 881. Clear and convincing evidence is evidence "which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." State v. Garcia (1998),126 Ohio App.3d 485, 487, 710 N.E.2d 783.
 {¶ 29} Ohio Courts have emphasized the inherent gravity of sexual offenses against minors:
 {¶ 30} "[The overwhelming statistical evidence support[s] the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. The age of the victim is probative because it serves as a telling indicator of the depths of [the] offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable." (Citations omitted.) Statev. Maynard (1999), 132 Ohio App.3d 820, 826, 726 N.E.2d 574.
 {¶ 31} In the case sub judice, testimony was adduced that appellant, over a four year period, sexually molested his four minor cousins. Thus, there were multiple victims. The molestation included sexual touching and both anal and vaginal penetration. At the time the abuse started, the youngest victim was approximately three years old while appellant was eleven. Testimony also was adduced that appellant would bribe his victims to coerce them into complying and that appellant admitted to repeatedly soliciting his own sister for sexual favors when she was between eight and nine years old.
 {¶ 32} Moreover, there was testimony adduced at the July 27, 2004, hearing that appellant's victims were traumatized as a result of the abuse and had to undergo extensive counseling. In addition, Sabina Alstan-Ware, a sex offender therapist, testified that she had performed a sex offender risk assessment on appellant and that, in her opinion, appellant had aspects of pedophilia and was likely to reoffend. According to Alstan-Ware, appellant was unable to understand how his victims were impacted by the sexual abuse.
 {¶ 33} Based on the foregoing, we find that the trial court did not err in adjudicating appellant a sexual predator and further find that there was clear and convincing evidence to support the trial court's finding that appellant was likely to reoffend.
 {¶ 34} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 35} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
By: Edwards, J., Boggins, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.